986 F.2d 1424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth E. CARVER, Plaintiff-Appellant,
v.
Leonard HEISNER, et al., Defendants-Appellees.
 No. 91-3540.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 24, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Kenneth E. Carver filed a pro se civil rights action in forma pauperis against several Perry County, Illinois officials alleging various violations under 42 U.S.C. § 1983. After allowing Carver leave to supplement his complaint, the district court determined that the factual allegations were baseless and dismissed the action as frivolous under 28 U.S.C. § 1915(d). Finding no abuse of discretion, we affirm the dismissal.
 
 I. BACKGROUND
 
 2
 The following events prompted Carver to file the instant civil rights action, alleging that he had been falsely arrested, falsely prosecuted, harassed, persecuted, deprived of due process of law, and unlawfully jailed by the defendants.
 
 
 3
 In 1986, Carver pled guilty to one count of cruelty to children. He was sentenced to thirty months probation and ordered to pay three thousand dollars ($3,000) as restitution to the State. After paying a portion of the restitution, Carver filed for bankruptcy under Chapter 7 and listed his debt to the State as an unsecured claim. The bankruptcy court discharged this debt, and on advice of his counsel, Carver ceased making the court-ordered restitution payments. Thereafter, the state's attorney notified Carver's counsel that a complaint would be filed with the bankruptcy court to determine whether restitution was dischargeable. However, no complaint or objection was ever filed.
 
 
 4
 When Carver's state probation officer learned that he had not been making restitution payments, the officer filed a petition to revoke probation. After a warrant was issued, Carver was arrested. At a hearing on the petition to revoke, Carver's appointed counsel requested to withdraw. The state court denied the request and dismissed the petition to revoke. The court found that in discontinuing payment of restitution, Carver had not willfully violated his probation because he was acting on advice of his bankruptcy counsel. (Order March 6, 1987). However, under Kelly v. Robinson, 479 U.S. 36, 50 (1986), a restitution debt imposed as a condition of probation in a state criminal action is not dischargeable in proceedings under Chapter 7 of the Bankruptcy Code. Effectively reversing the discharge,[1] the court ordered Carver to continue paying restitution. Carver's attempt to appeal the state court's ruling was dismissed because by dismissing the petition to revoke, the court ruled in Carver's favor.
 
 
 5
 Carver made payments until August of 1987, when the payments stopped. At that time, a petition to revoke probation was filed and a warrant was issued for Carver's arrest. Carver turned himself in, but was unable to post bond. He was detained in the county jail for five days until released on a recognizance bond. At the second hearing to revoke probation, Carver argued indigency as a defense to willful violation of his probation. Although the court noted that the question of indigency was a close one, Carver was found not in willful violation of his probation, and was ordered to continue making payments.
 
 
 6
 Carver subsequently filed a pro se complaint naming several Perry County, Illinois officials in their official capacities[2] alleging various civil rights violations. With his complaint, Carver filed a request to proceed in forma pauperis and a motion for appointment of counsel. In response, the court requested that Carver file a narrative description of his claim to provide the court with more information upon which to base its determination under section 1915. Carver complied. After considering the additional information, the court found no factual basis for the claims and dismissed the complaint as frivolous.
 
 II. ANALYSIS
 
 7
 Federal courts are authorized to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). A complaint is defined as frivolous when the factual allegations and legal conclusions lack an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Section 1915(d) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. "Because the threshold determination of frivolousness is made on the court's own motion without the benefit of responsive pleadings, the district court's inquiry is extremely limited." Smith-Bey v. Hospital Adm'r, 841 F.2d 751, 757 (7th Cir.1988). Accordingly, the initial assessment of the factual allegations made in a pro se plaintiff's in forma pauperis complaint must be weighed in plaintiff's favor, Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992) and liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Estelle v. Gamble, 429 U.S. 97, 105 (1976). In addition, if it appears that the frivolous factual allegations could have been remedied simply through more specific pleading, a reviewing court should consider whether the district court abused its discretion by dismissing the complaint. Denton, 112 S.Ct. at 1734.
 
 
 8
 On appeal, Carver claims that the district court erred in dismissing his complaint as frivolous and requests that we remand the case to permit him to amend his complaint. We acknowledge that at the time of filing his complaint Carver was without the benefit of counsel and may have been unfamiliar with the pleading requirements. Moreover, section 1915 was enacted precisely for the benefit of plaintiffs in the position of Carver who are unable to afford the costs of commencing an action. In compliance with Denton, 112 S.Ct. at 1730, Carver's complaint was not dismissed before he was given the opportunity to, and, in fact, did supplement his complaint with more detailed information. (Order Aug. 2, 1990). After determining that the action was frivolous, the court properly dismissed Carver's motion for appointment of counsel as moot. Because we find no abuse of discretion by the district court, we affirm the dismissal of Carver's civil rights claims as frivolous under section 1915(d).
 
 A. False Arrest Claim
 
 9
 Carver's complaint challenges the propriety of the arrests and the probation revocation proceedings instituted against him in both 1987[3] and 1988. In both instances an arrest warrant was issued upon a petition for revocation. A warrant predicated upon the existence of probable cause and issued by a neutral and detached magistrate will be considered facially valid. See generally Gerstein v. Pugh, 420 U.S. 103 (1975). Probable cause exists if under the facts and circumstances, a reasonable person would believe that the suspect had committed or was committing an offense. Id. at 111. Generally, an arrest made pursuant to a facially valid warrant precludes a section 1983 action for false arrest, false imprisonment, or malicious prosecution, even if the arrest warrant is later determined to have an inadequate factual foundation. Juriss v. McGowan, 957 F.2d 345, 350 (7th Cir.1992) (citing Baker v. McCollan, 443 U.S. 137 (1979)); Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1989). A cognizable section 1983 action lies, however, if those responsible for bringing about an unlawful arrest knew that the arrest warrant had issued without probable cause. See Juriss, 957 F.2d at 350.
 
 
 10
 It is undisputed that in 1987 and in 1988, Carver ceased making restitution payments in violation of a condition of his probation. Based on his failure to make payments, Carver's probation officer filed a petition to revoke probation, upon which the state's attorney sought a warrant for Carver's arrest. Non-payment of court-ordered restitution clearly establishes probable cause to believe that Carver violated a condition of his probation. Even if the existence of probable cause had been less clear, absent any evidence that the defendants acted in an objectively unreasonable manner in procuring or executing the arrest warrant, the defendants would be entitled to immunity.[4]
 
 
 11
 B. Defendants: Court Clerk and County Commissioners
 
 
 12
 To the extent Carver seeks to hold the defendant county court clerk liable for denying him access to certain court records, we note that Carver possessed personal knowledge of all information necessary to present his claim to the court. Accordingly, we cannot perceive any constitutional deprivation suffered had Carver, in fact, been denied access to court records.[5]
 
 
 13
 Although named in the caption, Carver's complaint and supplemental narrative not only fails to mention the defendant county commissioners, but fails to allege any basis upon which to hold these individuals liable under section 1983.[6] Accordingly, as to these defendants dismissal of Carver's claim as frivolous was not an abuse of discretion.
 
 C. Fifth Amendment
 
 14
 Carver's allegation that he was prosecuted twice for the same charge in violation of the Fifth Amendment is also without merit. Because probation revocation proceedings are not considered part of a criminal prosecution, a probationer is not entitled to the full panoply of rights due a defendant in a criminal prosecution. Thompson v. Reivitz, 746 F.2d 397, 399 (7th Cir.1984), cert. denied, 471 U.S. 1103 (1985). As such, the Fifth Amendment prohibition of double jeopardy does not extend to probation revocation proceedings. Id. at 400. Moreover, although Carver did indeed face probation revocation twice, the respective probation revocation hearings were distinct. Each arose out of a separate violation of the conditions of his probation, which occurred separate in time.
 
 D. Sixth Amendment
 
 15
 Carver next contends that he was denied due process of law because he was not appointed counsel to represent him on his appeal from the first dismissal of the petition to revoke. However, the Illinois Appellate Court dismissed Carver's appeal because he had prevailed in the lower court and thus, had no grounds for appeal.
 
 
 16
 He also asserts that he was deprived due process when the court denied the public defender's request to withdraw and concomitantly refused to allow Carver to represent himself when requested. It has long been established, however, that "[t]he right to counsel at probation revocation hearings is not absolute." United States v. Yancey, 827 F.2d 83, 89 (7th Cir.1987) (citing Black v. Romano, 471 U.S. 606, 612 (1985) and Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973)), cert. denied, 485 U.S. 967 (1988). Where the right to counsel is not guaranteed, there can be no right to counsel of one's own choosing, including a right to self-representation. Therefore, Carver has failed to allege a Sixth Amendment violation cognizable under section 1983.
 
 
 17
 Furthermore, unless an underlying right to counsel is established, there can be no challenge to the adequacy of counsel. Yancey, 827 F.2d at 89. Even assuming Carver could demonstrate entitlement to counsel below, the fact that the petition to revoke was dismissed renders him unable to demonstrate the requisite prejudice to his case in order to support a Sixth Amendment claim of ineffective assistance. Id.; MacDougall v. McCaughtry, 951 F.2d 822, 825 (7th Cir.1992) (Sixth Amendment violation requires a showing that counsel's performance was below an objective standard of reasonableness and that counsel's performance prejudiced the outcome of his case).
 
 E. Wrongful Detention
 
 18
 When a warrant issued for Carver's arrest in 1988, bail was set at $3,000.00[7] Unable to post bail due to indigency, Carver was detained for five days in the Perry County Jail. Upon motion to reduce bail, Carver was released on his own recognizance. (Tr. June 13, 1988, revocation proceeding at 40-41). We first interpret Carver's claim that he was unjustly detained as alleging a violation of the Excessive Bail Clause. The fact that Carver was ultimately released on a recognizance bond within five days of detention undercuts any potential claim that the bail as set was excessive. Additionally, we note that although there is a constitutional right to be free from excessive bail, there is no absolute right to release on bail. Stack v. Boyle, 342 U.S. 1, 4-5 (1951). Moreover, the Eighth Amendment Excessive Bail Clause does not guarantee a right to individualized bail consideration following an arrest. Faheem-El v. Klincar, 841 F.2d 712, 719 (7th Cir.1988). Accordingly, we perceive no constitutional violation in Carver's contention that indigency alone would render any amount of bail "excessive" within the meaning of the Eighth Amendment. Alternatively, even if we interpret Carver's claim as alleging that his detention in jail for five days deprived him of due process of law, it still fails to state a cognizable section 1983 claim. Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (three-day detention in county jail did not give raise to a deprivation of liberty without due process where arrest was pursuant to a valid warrant); see Juriss, 957 F.2d at 350.
 
 
 19
 Finally, Carver also challenges the court's order that he continue to pay restitution even though he was found not to be in wilful violation by reason of indigency. Indigency, however, is not a defense against an award of restitution. United States v. Fountain, 768 F.2d 790, 802 (7th Cir.1985), cert. denied, 475 U.S. 1124 (1986). Accordingly, we cannot say that a constitutional violation resulted from the continued enforcement of a court-ordered award of restitution.
 
 
 20
 As Carver's remaining claims do not state cognizable constitutional violations under section 1983,[8] we affirm their dismissal as frivolous, along with the claims discussed above.
 
 
 21
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 When seeking a determination under section 523(a)(7), a challenge to the dischargeability or nondischargeability of a debt may be initiated at any time. COLLIER ON BANKRUPTCY §§ 4007(b) & 4007.04 (Lawrence P. King ed., 15th ed. 1991). A nonbankruptcy court has jurisdiction to determine dischargeability at the creditor's behest upon termination of the automatic stay. See Kelly, 479 U.S. at 48-50 (state need not appear and enter an objection to the discharge to defend state criminal judgment before a federal bankruptcy court); COLLIER §§ 4007.01 & 4007.03. The automatic stay in a case under chapter 7 continues until the time a discharge is granted or denied. 11 U.S.C. § 362(c)(2)(C). In this case, the automatic stay terminated no later than December 15, 1986. The state court determined that the restitution debt was not dischargeable on March 6, 1987
 
 
 [2]
 Assuming without deciding that all individuals named in Carver's complaint were acting as county officials and not as agents of the State of Illinois when they participated in the institution of probation revocation proceedings, Carver's damage action under section 1983 is not barred by the Eleventh Amendment. Scott v. O'Grady, 975 F.2d 366, 370 (7th Cir.1992) (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977))
 
 
 [3]
 Carver's civil rights action was commenced on April 13, 1990, well after the two year statute of limitations expired as to any alleged violations arising out of the 1987 arrest and probation revocation proceedings. Anton v. Lehpamer, 787 F.2d 1141, 1142 (7th Cir.1986). Had the case been allowed to proceed, the action would have been time barred as to these claims. However, because the case was dismissed prior to the filing of a responsive pleading, the defendants were not given the opportunity to raise the statute of limitations as an affirmative defense. FED.R.CIV.P. 8(c)
 
 
 [4]
 Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (qualified immunity to police officer whose request for a warrant caused an unconstitutional arrest); Juriss, 957 F.2d at 350-51; Lowrance v. Pflueger, 878 F.2d 1014, 1017-19 (7th Cir.1989) (sheriff entitled to qualified immunity for arrest and detention allegedly without probable cause); Galvan v. Garmon, 710 F.2d 214, 215 (5th Cir.1983) (state probation officer entitled to qualified immunity for mistakenly causing probationer's arrest), cert. denied, 466 U.S. 949 (1984); cf. Mee v. Ortega, 967 F.2d 423, 427 (10th Cir.1992) (other than preparation of pretrial bond or presentence reports, decisions involving the revocation of probation warrant only qualified immunity); see also Schrob v. Catterson, 948 F.2d 1402, 1414-16 (3rd Cir.1991) (discussing conflict among circuits regarding whether prosecutor entitled to absolute or qualified immunity for decision to seek an arrest warrant); Felker v. Christine, 796 F.Supp. 135, 140-41 (M.D.Pa.1992) (prosecutor entitled to qualified immunity for advising probation officer on whether to proceed with the petition for revocation, and holding that revocation proceeding is quasi-criminal and thus, does not permit an action for malicious prosecution under § 1983)
 
 
 [5]
 It is uncertain whether the clerk's actions in releasing court records would be considered so basic and integral to the judicial process to justify extending coverage of quasi-judicial immunity. Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir.1992) (discussing Mullis v. United States Bankruptcy Court, Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988)), cert. denied, 1993 U.S. LEXIS 252 (1993)
 
 
 [6]
 Even if an allegation was made against these individuals, they are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pounds v. Griepenstroh, 970 F.2d 338, (7th Cir.1992) (members of county board of commissioners were entitled to qualified immunity)
 
 
 [7]
 According to the arrest warrant, bail was set at $3,000.00. However, Carver's motion to reduce bail states that bail was set at $300.00
 
 
 [8]
 Carver's complaint states various allegations supporting, at most, a state claim for intentional infliction of emotional distress. Allegations that his probation officer made harassing remarks do not state a cognizable action under section 1983