16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael C. ANTONELLI, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, et al., Respondents-Appellees.
 No. 93-1858.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1993.[1]
Decided Dec. 22, 1993.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner appeals from the dismissal of his petition for writ of habeas corpus, 28 U.S.C. Sec. 2241, where he alleged that respondents violated his rights in revoking his parole. For the reasons stated in the attached district court opinion, we AFFIRM.
 
 ATTACHMENT
 
 2
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 
 3
 MICHAEL C. ANTONELLI, Petitioner,
 
 
 4
 v.
 
 
 5
 UNITED STATES PAROLE COMMISSION, UNITED STATES BUREAU OF
 
 
 6
 PRISONS, and THE UNITED STATES ATTORNEY GENERAL,
 
 
 7
 Respondents.
 
 Mar. 31, 93
 No. 92 C 6268
 OPINION AND ORDER
 
 8
 Before the court is the motion of the United States to dismiss Michael C. Antonelli's ("Antonelli") petition for a writ of habeas corpus. The court grants the motion for the reasons stated below.
 
 FACTS
 
 9
 Antonelli is currently in the custody of the State of Illinois facing charges of aggravated arson. On August 29, 1989, Antonelli was paroled from a number of sentences he was serving within the Federal Bureau of Prisons. Antonelli was serving federal sentences for conspiracy to commit bank fraud, possession of a destructive device, destruction of property by explosive, unlawful possession of a gun silencer, carrying a firearm during the commission of a violent felony, and illegal possession of a firearm by a felon, along with a concurrent state sentence for attempted murder. Subsequent to his release and following a preliminary and final parole revocation hearing, the United States Parole Commission (the "Commission") found that Antonelli violated his parole. The Commission found three administrative violations (failure to report a change in residence, failure to report as directed, and violation of the special drug aftercare condition), and found that Antonelli failed to appear for a state criminal proceeding. In addition, the Commission specifically abstained from making any finding in regard to the charge of aggravated arson for which he was, and still is, facing prosecution in the state court. Antonelli was sentenced to sixteen months incarceration for the administrative parole violations along with a consecutive sentence of twelve months for the parole violation of failing to appear for the court proceeding.
 
 
 10
 The present habeas corpus petition attacks the federal sentence imposed upon the revocation of his parole. Antonelli claims that he was the object of a selective and vindictive prosecution, that the charging process used by the Commission violated the Constitutional prohibition against double jeopardy, that his presumptive release date is three days too late, and that the Commission failed to produce certain witnesses at the revocation hearing. In response, the government contends that the petition should be dismissed because Antonelli has not shown that the prosecution was vindictive or selective, double jeopardy is not implicated in parole revocation proceedings, the presumptive release date has already been corrected, and Antonelli's due process rights were not violated by the failure to produce the witnesses.
 
 DISCUSSION
 
 11
 The court agrees that Antonelli has not produced sufficient allegations to support a claim of selective or vindictive prosecution. United States v. Niemiec, 611 F.2d 1207, 1209 (7th Cir.1980); see also Barton v. Malley, 626 F.2d 151 (10th Cir.1980). Antonelli has not alleged anything beyond that others similarly situated to himself have not been subjected to revocation for failure to appear in state court, and that the Commission's action was motivated by a desire to retaliate against him for his numerous court cases against the federal government and for his litigation assistance to criminal defendant, John Cappas. He has failed to particularize the substantive evidence which would support his claim that the Commission was selective or vindictive in its revocation of Antonelli's parole for the three administrative violations and for the state criminal offense of failing to appear in court. In sum, Antonelli raises no more than conclusory allegations and subjective fears; no facts are offered to raise the possibility that the actions of the Commission were motivated by improper considerations. Cf. United States v. Heidecke, 900 F.2d 1155, 1159 (7th Cir.1990). Antonelli filed an overabundance of paper in this case to support his claim of abuse of the charging function. Yet these documents are no more than self-serving papers he previously filed in state court expressing his subjective beliefs. There is no proof by way of hard evidence or even affidavit to support his conclusory allegations.
 
 
 12
 Next, the Commission did not violate the prohibition against double jeopardy when it determined his sentence. Antonelli contends that the Commission should not have added a six to twelve month sentence for the failure to appear in state court to the twelve to sixteen month sentence he received for the administrative parole violations because they are all part of the same course of conduct. Nevertheless, double jeopardy does not bar parole violation proceedings. Thompson v. Reivitz, 746 F.2d 397 (7th Cir.1984); Averhart v. Tutsie, 618 F.2d 479, 483 (7th Cir.1980). Additionally, the violations of the administrative conditions of his parole, the violation of state law in failing to appear in state court to answer for the aggravated arson charges, and the aggravated arson charges themselves are all separate and distinct actions. They could all be considered as violations of parole.
 
 
 13
 Antonelli's charge that the Commission erroneously calculated his release date is moot. The Commission recently advanced Antonelli's presumptive parole date by three days in recognition that his arrest date on the violator warrant was August 2, 1991, and not August 5, 1991 as originally computed. Antonelli concedes this much in his response to the government's motion.
 
 
 14
 Antonelli's last claim also fails. Antonelli argues that the Commission should have required Detective Jim Brown ("Brown"), a bomb technician with the Chicago Police Department, to testify at the revocation hearing to support Antonelli's claim that his failure to appear in state court was excused by "compulsion and necessity." A parolee has only a qualified right to confront and cross-examine adverse witnesses against him and to present his own witnesses. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The Commission satisfied its duty to produce for cross-examination those witnesses upon whose testimony it based the revocation. 18 U.S.C. Sec. 4214(a)(1)(D). Brown was not a person who gave information upon which the Commission relied. The Commission was further justified in denying Antonelli's request to have Brown present at the hearing because Brown would not have offered any information to assist the Commission in its decision. There is no indication that Brown had information that would shed light on Antonelli's parole hearing nor is there any indication what Brown could have contributed concerning the "necessity" of Antonelli to be absent from the state court proceeding in order to investigate the arson charge. Additionally, as the government indicates, Antonelli's claim that Brown's investigation of an aggravated arson charge compelled Antonelli to violate his federal parole does not demonstrate sufficient exigencies to justify his parole violation. See United States v. Tanner, 941 F.2d 574, 587 (7th Cir.1991) (the defense of compulsion and necessity is valid only if defendant reasonably feared immediate death or severe bodily injury which could be avoided only by committing the charged violations), cert. denied, 112 S.Ct. 1190 (1992).
 
 
 15
 Antonelli also claims Ellen Mitchell and Officer Mulligan should have been called at the revocation proceeding to support his claim that he did not commit the aggravated arson. As stated earlier, the Commission did not find that Antonelli committed the aggravated arson. Instead, the Commission abstained from considering that offense for any purpose. Accordingly, the alleged error had no bearing on the revocation proceeding.
 
 CONCLUSION
 
 16
 For the reasons discussed above, the United States's motion to dismiss Antonelli's petition for a writ of habeas corpus is granted. The petition is dismissed.
 
 
 17
 IT IS SO ORDERED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record