**Gary ALSTON, Appellant**

v.

**M.L. BROWN, in his official capacity, Warden, D.C. Jail and Edward F. Reilly, Jr., in his official capacity as Chairman, U.S. Parole Commission, Appellees.**

No. 04–5094.

United States Court of Appeals, District of Columbia Circuit.

May 18, 2005.

Rehearing En Banc Denied Sept. 9, 2005.

Gary Alston, Otisville, NY, pro se.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Elizabeth Trosman, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Chrisellen Rebecca Kolb, U.S. Attorney's Office, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before EDWARDS, RANDOLPH, and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that the district court's order filed September 5, 2003, be affirmed. Appellant complains that the United States Parole Commission improperly denied him the opportunity to cross-examine alleged adverse witnesses and that the Commission improperly provided new information concerning his parole expiration date in the district court proceedings.

The right to confront and cross-examine adverse witnesses in a parole revocation proceeding is qualified. *See Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In this case, the hearing examiner specifically declined to make any determinations premised on the absent female witness's ("Angie") alleged statement, and thus, the hearing examiner did not rely on any evidence concerning Angie. Accordingly, the Commission's failure to produce her had no bearing on the revocation determination. *See Antonelli v. U.S. Parole Commission*, 16 F.3d 1225, *2 (7th Cir.1993) (Table) (concluding the Commission was justified in denying request to have a witness present at the hearing if the Commission was not relying on the testimony as a basis for the revocation). Likewise, the Commission's reliance on the Community Supervision Officer's report, rather than producing him as witness, did not violate appellant's due process rights. The "report here was one of the 'conventional substitutes for live testi-

mony' which the [Supreme] Court has recognized to be permissible in probation revocation proceedings." *Prellwitz v. Berg*, 578 F.2d 190, 192 (7th Cir.1978) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n. 5, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Moreover, given the "indicia of reliability" of the Community Supervision Officer's report, the Commission's "reliance on hearsay evidence did not render its revocation decision so lacking in support that it was fundamentally unfair." *Crawford v. Jackson*, 323 F.3d 123, 131 (D.C.Cir.), *cert. denied*, 540 U.S. 856, 124 S.Ct. 150, 157 L.Ed.2d 102 (2003). In addition, appellant has failed to demonstrate that he suffered prejudice as a result. *See Maddox v. Elzie*, 238 F.3d 437, 444 (D.C.Cir.1999), *cert. denied*, 534 U.S. 836, 122 S.Ct. 87, 151 L.Ed.2d 49 (2001).

With respect to appellant's arguments concerning the allegedly new information supplied by the Commission in the district court proceedings, this issue is outside the scope of the certificate of appealability. Moreover, appellant cannot obtain a certificate of appealability on this issue because he has failed to make a substantial showing of the denial of a constitutional right, which includes a showing that reasonable jurists could debate whether his constitutional claim has merit. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.