**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Leon LAMERE, Defendant–**
**Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Billy Leon LAMERE, Defendant–**
**Appellant.**

**Nos. 90–30349, 91–30014.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 1991.[*]

Decided Dec. 18, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Stephen C. Moses, Billings, Mont., for defendant-appellant.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff-appellee.

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

PER CURIAM:

A Montana state jury acquitted Billy Leon LaMere of selling cocaine to Mike LaMere at the D & L Bar in Box Elder,

Montana on April 24, 1990. The state trial judge dismissed for lack of evidence a second charge that on April 25, 1990 at the D & L Bar Billy Leon LaMere aided, or attempted to aid, Zeke Parisian in the sale of cocaine.

In the present case, Billy Leon LaMere was convicted of conspiring with Zeke Parisian, and others, between on or about October 18, 1989 until on or about May 11, 1990, to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and the unlawful distribution of cocaine on April 24, 1990, in violation of 21 U.S.C. § 841(a)(1). The distribution count involved the defendant's sale of cocaine to Mike LaMere at the D & L Bar in Box Elder, Montana, the same conduct for which the jury acquitted him in the state proceedings.

Prior to trial in this case, LaMere moved to dismiss the charges against him on the ground that his prosecution was barred by the double jeopardy clause. That motion was denied. LaMere filed a notice of appeal from the denial of that motion and moved for a continuance of his trial until his appeal was decided. The district court denied the motion for a continuance on the ground that the double jeopardy motion was frivolous. At trial, a jury convicted LaMere on both counts.

The issues we consider in this appeal are:

1. Was LaMere's prosecution in the district court barred by the double jeopardy clause by reason of LaMere's acquittal in the Montana state court proceedings?

2. Did the district court have jurisdiction to proceed with LaMere's trial while his appeal of that court's denial of his double jeopardy motion was pending?

## DISCUSSION

With regard to the first issue, the law is clear. LaMere's acquittal in the Montana state court proceedings did not bar his subsequent federal prosecution based on the same conduct. *United States v. Figueroa–Soto*, 938 F.2d 1015, 1020 (9th Cir.1991). With regard to the second issue, our decision has been foretold by cases

previously decided in this circuit and is consistent with cases decided by other circuits which have considered the question.

 The Supreme Court has held that the denial of a double jeopardy motion is an appealable order under 28 U.S.C. § 1291. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). In *United States v. Dunbar*, 611 F.2d 985 (5th Cir.1980) (en banc) the Fifth Circuit held that notwithstanding the pendency of an *Abney* appeal of a district court's denial of a double jeopardy motion, "if the claim [of double jeopardy] is found to be frivolous [by the district court], the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case." *Dunbar*, 611 F.2d at 988.

In *Figueroa–Soto*, we deferred deciding whether the rule established in *Dunbar* should be applied in this circuit. Today we adopt the *Dunbar* rule. In doing so, we rely on the discussion of *Abney* in *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984). There we stated:

> Ordinarily, if a defendant's interlocutory claim is considered immediately appealable under *Abney*, the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved. *United States v. Yellow Freight System, Inc.*, 637 F.2d 1248, 1252 (9th Cir.1980), *citing Moroyoqui v. United States*, 570 F.2d 862, 864 (9th Cir.1977), *cert. denied*, 435 U.S. 997, 98 S.Ct. 1651, 56 L.Ed.2d 86 (1978); *United States v. Garner*, 663 F.2d 834, 837–38 (9th Cir.1981); *United States v. Burt*, 619 F.2d 831, 838 (9th Cir.1980). *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time. *United States v. Leppo*, 634 F.2d 101, 104 (3rd Cir.1980); *United States v. Hitchmon*,

602 F.2d 689, 691–92 (5th Cir.1979) (en banc). Given this purpose, it has been suggested that "the rule should not be employed to defeat its purpose or to induce needless paper shuffling." 9 J. Moore, *Federal Practice*, ¶ 203.11 at 3–44 n. 1 (1980); *see also* C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure*, 3949, at 358–59 (1977).

The divestiture rule takes on added significance when applied to interlocutory *Abney*-type criminal appeals since two important countervailing policies are at work. On the one hand, a defendant raising a meritorious *Abney*-type claim—asserting a valid, constitutional "right not to be tried"—would be irreparably harmed if the trial court continued to proceed to trial prior to the disposition of the appeal. On the other hand, under an automatic divestiture rule, a defendant raising a meritless *Abney*-type claim could significantly delay and disrupt criminal trial court proceedings. *Burt*, 619 F.2d at 838. *See also Abney*, 431 U.S. at 656–57, 97 S.Ct. at 2038–39 ("the delays and disruptions attendant upon intermediate appeal ... are especially inimical to the effective and fair administration of the criminal law"). The Court in *Abney*, mindful of the need to balance these two interests, directed appellate courts to exercise their supervisory powers to establish summary procedures for quickly disposing of frivolous, dilatory pre-trial appeals.

The Fifth Circuit in *United States v. Dunbar*, 611 F.2d 985, 987–89 (5th Cir.), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980) (en banc; twenty five judges) followed *Abney's* directive and adopted the "dual jurisdiction" rule that "appeal from the denial of a frivolous [*Abney*-type] motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous." This approach has been uniformly followed by other circuits. *United States v. Leppo*, 634 F.2d 101, 104 (3rd Cir. 1980); *United States v. Head*, 697 F.2d 1200, 1204 n. 4 (4th Cir.1982); *United States v. Lanci*, 669 F.2d 391, 394 (6th

Cir.1982); *United States v. Cannon*, 715 F.2d 1228 (7th Cir.1983); *United States v. Grabinski*, 674 F.2d 677, 679 (8th Cir. 1982) (en banc).

In the case now before us, the district court based its determination that LaMere's double jeopardy motion was frivolous upon clear and long-standing case law: "[The double jeopardy clause] is not violated when the defendant has violated the narcotics laws of the state and of the nation and is prosecuted for the same acts by both state and nation." *Figueroa–Soto*, 938 F.2d at 1020. Further, the district court set forth its findings in writing as required under the *Dunbar* rule. *See Dunbar*, 611 F.2d at 988.

We hold that the district court did not err in finding LaMere's double jeopardy motion to be frivolous, and that court did not lose jurisdiction to proceed with LaMere's trial notwithstanding the filing of his notice of appeal from the denial of the double jeopardy motion.

AFFIRMED.[1]

---

**1.** LaMere raised a number of other issues in this appeal. We have resolved those issues in an unpublished memorandum disposition filed this date.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).