Robert CHUMAN, et al.,
Plaintiffs–Appellees,

v.

Craig A. WRIGHT, et al., Defendants,

and

Mark P. Fronterotta, et al.,
Defendants–Appellants.

No. 92–55007.

United States Court of Appeals,
Ninth Circuit.

Submitted to Motions Panel
Jan. 29, 1992.*

Decided March 27, 1992.

Before: WALLACE, Chief Judge,
SNEED and ALARCON, Circuit Judges.

ORDER

This appeal challenges the district court's denial of the individual defendants' motion for summary judgment on their claim of qualified immunity in an action for damages brought pursuant to 42 U.S.C. § 1983. The individual defendant-appellants filed a notice of appeal from the denial of qualified immunity pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and moved in the dis-

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

trict court for a stay of proceedings pending appeal. The district court denied the motion for stay. Appellants then filed a motion for a stay in this court, which was granted pending further order of this court.

■ In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial. *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir.1984), *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984). It has been noted, however, that this result could significantly disrupt and delay trial court proceedings. *Claiborne*, 727 F.2d at 850.

While this circuit has not addressed this issue in the context of interlocutory qualified immunity appeals, other circuits have. *See Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir.1991); *Stewart v. Donges*, 915 F.2d 572 (10th Cir.1990); *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989). The *Apostol* court ruled that while a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction. *Apostol*, 870 F.2d at 1339. Accordingly, under the *Apostol* rule, a district court may certify in writing that the appeal is frivolous or waived. Without such certification, the trial is automatically delayed until disposition of the appeal. *Id.* Both *Yates*, 941 F.2d at 449, and *Stewart*, 915 F.2d at 576–78, are in accord.

This circuit has addressed the issue of the effect of appeals from interlocutory orders in a closely related context. In an appeal from the denial of a motion to dismiss on the basis of double jeopardy, as in a qualified immunity appeal, the issue to be addressed by the court is whether the defendant will be forced to appear at trial. *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir.1991). The court in *LaMere* adopted a "dual jurisdiction" rule wherein

"an appeal from the denial of a frivolous ... motion [to dismiss based on double jeopardy] does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous". *Id.* (internal quotations omitted).

■ This court now adopts the rule set forth in *LaMere* in the context of interlocutory qualified immunity appeals. Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial.[1] In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal.

■ Because the district court did not certify this interlocutory appeal as frivolous or forfeited, the district court is automatically divested of jurisdiction to proceed with trial.

Stay granted.

---

1. The defendants in such a case may then apply to this court for a discretionary stay. *See Apostol*, 870 F.2d at 1339.