UNITED STATES

v.

Kittrell DECATOR, et al.

Crim. No. K–95–0202.

United States District Court,
D. Maryland.

Sept. 19, 1995.

---

Lynne A. Battaglia, United States Attorney and James G. Warwick, Assistant United States Attorney for the District of Maryland, Baltimore, MD, for the government.

Michael Schatzow and Catherine L. Schuster, Baltimore, MD, for defendant Kittrell Decator.

Harold I. Glaser and John S. Deros, Baltimore, MD, for defendant Craig Lamont Scott.

FRANK A. KAUFMAN, Senior District Judge.

Defendants Kittrell Bernard Decator ("Decator") and Craig Lamont Scott ("Scott") have been indicted for one count of bank robbery, one count of attempted bank robbery, one count of conspiracy to commit bank robbery, and two counts of using and carrying a firearm in the course of a violent crime.[1] Defendants have noticed appeal from this Court's denial of their motions to dismiss, and they contend that this Court must await disposition of their appeal before commencing trial. For the following reasons, defendant's contentions are not persuasive, and this Court retains jurisdiction to proceed with trial as scheduled.

The factual background of this case is as follows: Defendants Decator, Scott and Jonathan Mark Jones[2] originally were indicted on July 12, 1994 by a United States Grand Jury for the District of Maryland. At that time each defendant was charged with two counts of bank robbery (allegedly committed on September 21, 1993 and June 8, 1994), one count of attempted bank robbery (allegedly committed on June 6, 1994), one count of conspiracy to commit bank robbery, and three counts of using and carrying firearms in the course of a violent crime. Defendants Decator and Scott both moved to sever certain of the counts and/or defendants for separate trial,[3] and the government agreed to a partial severance. At the trial of defendants Decator and Scott, the government prosecuted only the two counts arising out of the June 8, 1994 robbery.[4] In the course of that trial of the non-severed charges, the government moved, pursuant to Fed.R.Crim.P. 48(a), to dismiss without prejudice the remaining five, severed charges—the conspiracy count and the counts related to the September 21, 1993 robbery and the June 6, 1994 attempted robbery. In a hearing on the said motion to dismiss, government counsel told this Court: "I am not in a position at this time to put those cases in front of a jury."[5] This Court granted the government's motion, requiring, however, that the government would decide by March 15, 1995 whether to seek reindictment. Defendants Decator and Scott were subsequently convicted of the June 8, 1995 bank robbery and of using and carrying a firearm in the course of that robbery, and each was sentenced to 147 months in prison.

On March 15, 1995, the government filed an ex parte motion to extend the deadline until May 5, 1995 for seeking a new indictment. On March 16, 1995, this Court granted that motion. On May 4, 1995, a Grand Jury for the District of Maryland issued a new indictment, which charged defendants Decator and Scott and defendant Keith E.

---

1. Defendants originally were scheduled to be tried together. However, in open court on September 19, 1995, this Court severed the trials of Defendants Scott and Bryant from the trial of Defendant Decator.

2. The charges against Jonathan Mark Jones were severed from those against defendants Decator and Scott. Mr. Jones was tried and convicted separately.

3. See defendant Decator's August 22, 1994, Motion for Severance of Offenses, *United States v.*

*Decator* (No. 94–0281) ("Decator I"); defendant Scott's August 24, 1994, Motion for Severance of Defendants and Severance of Counts, *Decator I* (No. 94–0281).

4. See government's September 9, 1994 Consolidated Response to Defendants' Pretrial Motions at 16, *Decator I* (No. 94–0281).

5. *Decator I* trial transcript for November 9, 1994 at 436.

Bryant[6] with the September 23, 1993 robbery, the June 6, 1994 attempt, related weapons charges, and conspiracy to commit bank robbery. The charges are virtually identical to those previously dismissed without prejudice.

Trial with regard to the aforementioned May 4, 1995 indictment is scheduled to commence October 2, 1995 for defendant Scott and in November, 1995 for defendant Decator. Defendant Decator and defendant Scott have filed motions to dismiss the indictment, including a motion to dismiss on the grounds of violation of the Double Jeopardy Clause. After an on-the-record hearing on August 24, 1995, this Court denied those motions, and defendants Decator and Scott thereafter filed notices of appeal from this Court's said denial. In subsequent, on-the-record conferences with this Court, counsel for defendants Decator and Scott have stated their contention that this Court must await disposition of their appeal before commencing trial.

## I

Under 28 U.S.C. § 1291, the federal courts of appeal have appellate jurisdiction "from all final decisions of the district courts of the United States." "Finality of judgment has been required as a predicate for federal appellate jurisdiction." *Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977). "Adherence to this rule of finality has been particularly stringent in criminal prosecutions because 'the delays and disruptions attendant upon intermediate appeal,' which the rule is designed to avoid, 'are especially inimical to the effective and fair administration of the criminal law.'" *Id.* at 657, 97 S.Ct. at 2039 (quoting *DiBella v. United States,* 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7 L.Ed.2d 614 (1962)).

Courts have established a few, limited exceptions to this rule of finality. In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court first announced the "collateral order" exception. Writing for the Court, Justice Jackson said that appellate review was proper in the "small class" of cases "which finally determine claims of rights separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1226.

Since *Cohen,* courts have applied the "collateral order" exception in a few, limited contexts. As defendants correctly note,[7] one such context is double jeopardy. The Supreme Court has said that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds falls within the *Cohen* exception and thus is immediately appealable. *Abney,* 431 U.S. at 659, 97 S.Ct. at 2040.

Later decisions, however, have consistently said that where a double jeopardy claim is frivolous, the district court retains jurisdiction over the case. *United States v. Leppo,* 634 F.2d 101, 104–05 (3rd Cir.1980); *United States v. Dunbar,* 611 F.2d 985, 988 (5th Cir.1980); *U.S. v. LaMere,* 951 F.2d 1106, 1108–09 (9th Cir.1991); *U.S. v. Millan,* 4 F.3d 1038, 1044 (2nd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1375, 128 L.Ed.2d 51 (1994); *U.S. v. Brown,* 926 F.2d 779, 781 (8th Cir.1991); *U.S. v. Farmer,* 923 F.2d 1557, 1565 (11th Cir.1991).[8] While the Fourth Circuit has not explicitly said that district courts retain jurisdiction in such cases, it has cited two of the above cases with seeming approval. *United States v. Head,* 697 F.2d 1200, 1204 n. 4 (4th Cir.1982) (citing *Leppo* and *Dunbar*), *cert. denied,* 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1367 (1983).

The *Head* opinion also suggested that a stay of trial is not appropriate where the defendant's double jeopardy claims are frivo-

---

6. Defendant Bryant is scheduled to be tried on October 2, 1995. He is not a party to the motions at issue here.

7. *See* defendants Decator and Scott's September 12, 1995 brief at 3–6.

8. In some cases, courts have held that, to retain jurisdiction, the district court must issue written findings that the double jeopardy claims are frivolous. *See, e.g., Dunbar,* 611 F.2d at 988; *Leppo,* 634 F.2d at 105. Although the Fourth Circuit has not explicitly established such a requirement, this Court makes those findings herein.

lous. In *Head*, the Fourth Circuit had earlier declined to consider the defendant's interlocutory appeal from a denial of his double jeopardy claim. After the defendant was convicted, the Fourth Circuit heard and rejected his appeal. Writing for the panel, Judge Phillips said, "When we declined on Head's interlocutory appeal ... to review on the merits his denied 'double jeopardy' claims or to grant his requested stay of trial pending appeal, the effect, as intended, was to dispose summarily of those claims on the basis that, as double jeopardy claims, they were frivolous." *Id.* at 1204.

*Head* established a two-pronged test for determining whether a double jeopardy claim is frivolous. According to Judge Phillips' opinion:

> 'frivolousness' in the *Abney* sense must embrace both the perception that a claim that is manifestly 'double jeopardy' in substantive content is wholly lacking in merit, and a perception that a claim advanced as one of 'double jeopardy' is manifestly not that in substantive content.

*Id.* at 1204–05.

In the instant case, the defendants' double jeopardy claims are frivolous under the *Head* definition. Even if defendants' claims meet double jeopardy standards in substantive content, they are wholly lacking in merit.

## II

■ Defendants first contend that the government is barred from prosecuting them in connection with the May 4, 1995 indictment because the government has already tried and convicted both defendants on the June 8, 1995 bank robbery charges.[9] The defendants claim that because some of the evidence likely to be introduced at the second trial will be identical to that introduced at the first trial, double jeopardy bars the second prosecution.

Defendants' said claim lacks merit. The Supreme Court has said that "[i]f successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie." *Blockbur-*

ger *v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932) (quoting Whart.Crim.Law, 11th ed. § 34). The September 23, 1993 robbery, the June 6, 1994 attempt, and the June 8, 1995 robbery are all separate acts arising from separate impulses. Prosecution for one incident does not bar prosecution for another, separate incident. As to the conspiracy count, *United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992), is directly controlling. In *Felix*, the Supreme Court said that the government can prosecute a conspiracy count even after a conviction for the underlying substantive offense. Although some of the proof may overlap—for example, if the government attempts to link the same weapons to the defendants—the defendants have no non-frivolous claim that double jeopardy therefore bars the later counts.

## III

Defendants next contend that because the government moved to dismiss the original indictment and then sought reindictment after the March 15, 1995 deadline, the second indictment must be dismissed. As a question of due process or fundamental fairness, this motion perhaps is not frivolous, but as a double jeopardy question, it is. The Supreme Court has clearly said that, in a jury trial, jeopardy does not attach until after the jury has been sworn in or empaneled. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569, 97 S.Ct. 1349, 1353, 51 L.Ed.2d 642 (1977). Here, the jury which had been sworn in at the time of the dismissal was considering only the charges surrounding the June 8, 1995 robbery. The charges related to the September 23, 1993 robbery and the June 6, 1994 attempt had previously been severed, on defendants' motion. Thus, jeopardy had not attached for the charges currently at issue, i.e., the charges severed before the trial began.

As a question of due process and fundamental fairness, the defendants claims are not frivolous. The parties claim that the government has admitted that it had insufficient evidence to maintain the original indict-

---

9. *See* defendant Decator's July 6, 1995 Motion to Dismiss the Indictment as Violative of Double Jeopardy Clause and supporting memorandum (later adopted by defendant Scott).

ment and that government counsel was not candid in comments to this Court in its reasons for seeking the dismissal. This Court, however, after carefully reviewing the entire record and conducting several on-the-record hearings with respect thereto, is satisfied that government counsel spoke candidly to this Court, that the dismissal was fair to all parties, and that this Court was acting well within its discretion under F.R.Crim.P. 48(a) in ordering the dismissal without prejudice. *See Rinaldi v. United States*, 434 U.S. 22, 29 & n. 15, 98 S.Ct. 81, 85 & n. 15, 54 L.Ed.2d 207 (1977).

Furthermore, in any event, denial of motions for dismissal of charges, based upon unreasonable government conduct, does not permit interlocutory review. Courts have consistently held that a dismissal without prejudice is appealable only after conviction. *Parr v. United States*, 351 U.S. 513, 518–19, 76 S.Ct. 912, 916, 100 L.Ed. 1377 (1956); *United States v. Lanham*, 631 F.2d 356, 357–58 (4th Cir.1980).

IV

For the foregoing reasons, this Court concludes that the defendants' double jeopardy claims are frivolous and therefore holds that this Court retains jurisdiction to proceed with trial as scheduled.