**UNITED STATES of America, Plaintiff,**

v.

**Anthony PERAINO, Joseph Carmelo Peraino, Louis Peraino, A.F.V. Releasing, Inc. Video Dubs, Inc., Defendants.**

**No. CR–S–94–317–PMP (LRL).**

United States District Court,
D. Nevada.

June 5, 1996.

M. Craig Wolf, Gene Malpas, Janis Kockritz, Trial Attorneys, Child Exploitation and Obscenity Section, U.S. Department of Justice, Las Vegas, NV, for plaintiff.

Dominic P. Gentile, Las Vegas, NV, for Louis Peraino.

## *ORDER*

PRO, District Judge.

Before the Court is the Government's Request for *LaMere* Ruling by Court to Allow

Trial to Proceed During Pendency of *Abney* Appeal Noted by Defendant on Double Jeopardy Grounds (# 258), filed May 9, 1996. Defendant Louis Peraino filed his Opposition to the Government's Request (# 263) on May 28, 1996.

## I. Background

On April 26, 1996, Defendant Louis Peraino filed a Notice of Appeal (# 247) appealing this Court's Order (# 234) entered April 16, 1996, which denied Defendant Louis Peraino's Motion to Dismiss Based on Double Jeopardy (# 161). The Government now seeks a written finding that Defendant Louis Peraino's claim of double jeopardy is frivolous in order to proceed with trial which is currently scheduled to commence July 8, 1996.

## II. Discussion

### A. *LaMere* Ruling

■ In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court ruled that an order denying a motion to dismiss based on double jeopardy grounds is an appealable "final" order for the purposes of 28 U.S.C. § 1291. *Abney*, 431 U.S. at 662, 97 S.Ct. at 2041–42. Indeed, under *Abney*, the filing of a notice of appeal normally divests the court of jurisdiction to proceed.

However, the Fifth Circuit, sitting *en banc*, subsequently held that "frivolous" claims of double jeopardy do not divest the district court of jurisdiction to proceed with trial. *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir.1980), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980). The Ninth Circuit adopted the *Dunbar* rule in *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir.1991). Under the *Dunbar* rule, the Court must find that the claim of double jeopardy is frivolous in order to proceed with trial. *LaMere*, 951 F.2d at 1108. This finding must be in writing. *Dunbar*, 611 F.2d at 988.

### B. Double Jeopardy

■ The United States Constitution protects against repeated prosecutions or multiple punishments for the same offense. *United States v. Dixon*, 509 U.S. 688, 694–96, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993). In his Motion to Dismiss Based on Double Jeopardy (# 161), Louis Peraino asserted that (1) he had been convicted in United States District Court in 1981 on obscenity related charges; (2) his probation was revoked in 1993 because he allegedly transported obscene materials in violation of the terms of his probation and he had to serve a three-year sentence; (3) the conduct which served as the basis for the probation revocation was the same conduct which is the subject of the pending Indictment. Through that Motion, Louis Peraino wished to preserve his right to file a motion based on double jeopardy grounds if a motion to correct sentence for the Florida conviction was granted. The Court denied this request by Order (# 234) entered April 16, 1996.

In that Order (# 234) this Court reasoned that the Double Jeopardy clause does not preclude criminal prosecution for conduct which also serves as the basis for a parole or probation revocation. *See* Order (# 234) (citing *United States v. Soto–Olivas*, 44 F.3d 788, 789 (9th Cir.1995) (holding that revocation of supervised release hearing does not violate Double Jeopardy even when conduct which is the subject of the revocation hearing is also the subject of a separate indictment), *cert. denied*, — U.S. —, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995)). *Accord, Jonas v. Wainwright*, 779 F.2d 1576, 1577 (11th Cir. 1986), *cert. denied*, 479 U.S. 830, 107 S.Ct. 115, 93 L.Ed.2d 62 (1986); *Thompson v. Reivitz*, 746 F.2d 397, 399–400 (7th Cir.1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2332, 85 L.Ed.2d 849 (1985); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir.1981); *Dunn v. California Department of Corrections*, 401 F.2d 340, 342 (9th Cir.1968).

This Court further reasoned that the holding in *Soto–Olivas* was not altered by the Supreme Court's decision in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and the Ninth Circuit Court of Appeal's decision in *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *amended, reh'g en banc denied*, 56 F.3d 41 (9th Cir.1995), *cert. granted*, — U.S.

——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). The Court based this reasoning on the Ninth Circuit's recent decision in *United States v. Brown,* 59 F.3d 102, 103 (9th Cir.1995). In that case, Brown, a prisoner, asserted that the administrative disciplinary sanctions he received as a result of his participation in a prison riot precluded his subsequent criminal prosecution based on that conduct. *Brown,* 59 F.3d at 103. Brown relied on *Halper,* *$405,089.23,* and *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). *Id.* at 104. The Ninth Circuit rejected Brown's contentions, and noted that "[t]he fact that the events which lead to [parole or probation] revocation may also constitute a second crime does not mean the revocation itself is punishment for the second crime." *Id.* at 105. The Court, in disposing of Defendant Louis Peraino's Motion (# 161), found *Brown* applicable to the instant case.

 Louis Peraino nonetheless asserts that his appeal on the issue of Double Jeopardy is not frivolous. Peraino filed a Motion to Correct Sentence in the United States District Court for the Southern District of Florida on August 2, 1994. Peraino provided a copy of that Motion, dated May 2, 1994, with his Opposition (# 263). In the Motion to Correct Sentence, Louis Peraino asserts that his original conviction on obscenity related charges in 1981 was improperly obtained, as was the sentence imposed. The Florida District Court has apparently not yet ruled on this Motion.

Peraino asserts that if the underlying conviction or sentence is invalid, the revocation of his probation cannot be considered "remedial" but must be considered a punitive sanction for the same offense which is the subject of the pending Indictment.

Peraino's argument thus hinges on the punishment prong of the Double Jeopardy Clause. However, Peraino's argument focuses on a contingent event: that the Florida District Court or the Eleventh Circuit Court of Appeals will find that the original conviction or sentence was invalid, thus making the revocation of his probation arguably punitive.

Neither this Court nor the Ninth Circuit Court of Appeals can predict what the United States District Court in the Southern District of Florida will do with regard to the Peraino's pending Motion to Correct Sentence. Peraino's claim of Double Jeopardy clearly is not ripe for appellate review unless and until a court determines that the underlying conviction or sentence was improper. *See, e.g., United States v. McKinley,* 38 F.3d 428, 431 (9th Cir.1994) (defendants' double jeopardy claim based on Arizona indictment for conduct which was subject of sentence enhancement in original Florida proceeding not ripe for review when Florida district court had not yet resentenced defendants and when defendants not yet convicted or sentenced for Arizona indictment). As Louis Peraino's Double Jeopardy claim is not yet ripe for review, the Court of Appeals will lack jurisdiction to review it at this time. *Id.* This Court therefore finds, under *LaMere,* 951 F.2d at 1108, that Defendant Louis Peraino's interlocutory appeal of the Court's Order (# 234), which denied Defendant's Motion to Dismiss Based on Double Jeopardy (# 161), is frivolous.

IT IS THEREFORE ORDERED THAT the Government's Request for *LaMere* Ruling by Court to Allow Trial to Proceed During Pendency of *Abney* Appeal Noted by Defendant on Double Jeopardy Grounds (# 258) is GRANTED and that trial in this matter will proceed as scheduled.