UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael GARTNER, Defendant–
Appellant.

No. 95–50072.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 1995.

Submission Withdrawn Oct. 23, 1995.

Resubmitted July 18, 1996.

Decided Aug. 21, 1996.

**634**

Paul Potter, Potter, Cohen and Samulon, Pasadena, California, for defendant-appellant.

David J. Schindler and Debra A. Yang, Assistant United States Attorneys, Los Angeles, California, for plaintiff-appellee.

Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.

POOLE, Circuit Judge:

Michael Gartner appeals interlocutorily the district court's denial of his motion to dismiss his criminal indictment on double jeopardy grounds. "A district court's denial of a motion to dismiss an indictment on double jeopardy grounds is reviewed *de novo.*" *United States v. Chick,* 61 F.3d 682, 686 (9th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1416, 134 L.Ed.2d 542 (1996). We have jurisdiction pursuant to 28 U.S.C. § 1291, *id.* at 684–86, and we affirm.

Gartner is currently under indictment for securities fraud, mail fraud, wire fraud, and engaging in unlawful monetary transactions. The indictment also seeks criminal forfeiture of property pursuant to 18 U.S.C. §§ 982, 1957. Gartner argues that he has already been punished for these offenses by a civil administrative forfeiture of business and computer equipment by the United States Postal Inspection Service ("Postal Service") and a civil action brought against Gartner and his businesses, InterLink Data Network of Los Angeles, Inc., InterLink Fiber Optic Partners L.L., and InterLink Video Phone Partners L.P. (collectively "InterLink defendants") by the Securities and Exchange Commission ("S.E.C.") in 1993.

I.

The Double Jeopardy Clause prohibits successive punishment for the "same offense." *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767 (1994); *United States v. Halper,* 490 U.S. 435, 451, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989). *In rem* civil forfeitures, however, do not constitute "punishment" for purposes of the Double Jeopardy Clause. *United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2141, 135 L.Ed.2d 549 (1996) (noting that there has long been "a sharp distinction between *in rem* civil *forfeitures* and *in personam* civil *penalties* such as fines: Though the latter could, in some circumstances, be punitive, the former could not."). The postal service's administrative forfeiture, therefore, was not punishment for purposes of the Double Jeopardy Clause [1].

II.

The Double Jeopardy Clause does, however, apply to civil penalties if they are "so extreme and so divorced from the Government's damages and expenses as to constitute punishment." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2143 (quoting *Halper,* 490

---

1. The Supreme Court observed, "where the 'clearest proof' indicates that an *in rem* civil forfeiture is 'so punitive either in purpose or effect' as to be equivalent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause." *Ursery,* —— U.S. at ——, n. 3, 116 S.Ct. at 2148, n. 3. No such proof exists here.

U.S. at 442, 109 S.Ct. at 1898). "[T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." *Halper,* 490 U.S. at 448, 109 S.Ct. at 1901. A civil penalty that bears no rational relationship to actual damages "may not fairly be characterized as remedial, but only as a deterrent or retribution," and thus constitutes "punishment" for purposes of double jeopardy. *Id.* at 449, 109 S.Ct. at 1902. An obvious deterrent purpose, however, while lending support to the argument that the penalty constitutes punishment, does not automatically convert the penalty into "punishment." *Kurth Ranch,* 511 U.S. at ——, 114 S.Ct. at 1946.

S.E.C. disgorgement orders seek "to deprive the wrongdoer of his or her unlawful profits and thereby eliminate the incentive for violating the securities laws." *S.E.C. v. Rind,* 991 F.2d 1486, 1490 (9th Cir.), *cert. denied,* 510 U.S. 963, 114 S.Ct. 439, 126 L.Ed.2d 372 (1993). However, a "disgorgement order [in an S.E.C. proceeding] is not, in fact, a *fine* levied against the petitioners as *punishment* for their conduct." *Hateley v. S.E.C.,* 8 F.3d 653, 656 (9th Cir.1993). "The purpose of disgorgement is to deprive a person of 'ill-gotten gains' and prevent unjust enrichment." *Id.* at 655 (quotations omitted). Both circuits which have considered the question have held that a civil S.E.C. enforcement proceeding did not form the basis of a double jeopardy claim. *S.E.C. v. Bilzerian,* 29 F.3d 689 (D.C.Cir.1994) (disgorgement order was not "punishment" because defendant was only required to give up the amount of his illicit gains); *United States v. Rogers,* 960 F.2d 1501 (10th Cir.) (S.E.C. judgment was not "punishment" because judgment bore rational relationship to loss caused by defendant), *cert. denied,* 506 U.S. 1035, 113 S.Ct. 817, 121 L.Ed.2d 689 (1992).

Here, on May 27, 1993, the S.E.C. brought a civil action against Gartner and the Inter-Link defendants alleging that they operated a nationwide, fraudulent scheme through which they sold over $12 million of unregistered securities. The judgment enjoined Gartner from violating securities laws, ordered him to disgorge over $12 million, and froze his assets. The judgment also awarded pre- and post-judgment interest and assessed a penalty of $12 million against only the InterLink defendants. Pursuant to a request by the S.E.C., the district court did not enter a civil penalty against Gartner. In addition, Gartner was held in contempt of court and jailed for eight months for violating the district court's order.

We hold that the S.E.C. judgment does not constitute "punishment" for purposes of the Double Jeopardy Clause. *See Bilzerian,* 29 F.3d at 696; *Rogers,* 960 F.2d at 1507. The 1993 S.E.C. judgment bore a rational relationship to the actual damages and costs caused by Gartner. *See Halper,* 490 U.S. at 449, 109 S.Ct. at 1902. The district court ordered Gartner to disgorge the exact amount which he had fraudulently obtained from investors, and the disgorged money was to be returned to the defrauded investors. Requiring Gartner to disgorge the $12 million dollars he fraudulently obtained is "much like the confiscation of stolen money from a bank robber, [it] merely places that party in the lawfully protected financial status quo that he enjoyed prior to launching his illegal scheme." *Bilzerian,* 29 F.3d at 696 (quoting *United States v. Tilley,* 18 F.3d 295, 300 (5th Cir.1994)). In addition, while securities laws may serve a deterrent purpose, they primarily seek to protect investors and to remedy the unjust enrichment. *See Hateley,* 8 F.3d at 656; *Rind,* 991 F.2d at 1489–90.

Gartner further argues that because the InterLink defendants were assessed an additional $12 million civil penalty, an amount equal to the amount fraudulently obtained, the 1993 S.E.C. order constitutes "punishment." We disagree. *Halper* explicitly states that "fixed-penalty-plus-double-damages provisions" do not constitute "punishment" because they serve to make the government whole. 490 U.S. at 449, 109 S.Ct. at 1902. In addition, Gartner is not jointly and severally liable for this portion of the civil judgment.

Furthermore, neither the fact that Gartner was held in contempt of court and jailed for violating the freeze on his assets

nor the award of pre- and post-judgment interest can form the basis of a double jeopardy claim. Contempt of court is not the "same offense" as the underlying charge because it requires proof that the defendant violated a court order, but does not require proof of the underlying offense, *United States v. Soto-Olivas,* 44 F.3d 788, 792 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995), and the purpose of awarding interest under 28 U.S.C. § 1961 is to compensate the successful plaintiff for being deprived of the monetary value of the loss from the time of the loss to the payment of judgment, *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575–76, 108 L.Ed.2d 842 (1990); *Turner v. Japan Lines, Ltd.,* 702 F.2d 752, 756 (9th Cir.1983).

### III.

For the above reasons, we affirm the district court's denial of Gartner's motion to dismiss his criminal indictment.

AFFIRMED.