103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Don David WILSON, Defendant-Appellant.
 No. 96-55190.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don David Wilson appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Wilson was convicted, by a jury, of mail fraud and interstate transportation of fraudulently obtained money in violation of 18 U.S.C. §§ 1341 and 2314. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we affirm.
 
 
 3
 Wilson contends that his conviction violates double jeopardy based on an earlier civil action brought by the Federal Trade Commission ("FTC"). This contention lacks merit.
 
 
 4
 "The Double Jeopardy Clause prohibits successive punishment for the 'same offense.' " Department of Revenue of Montana v. Kurth Ranch, 114 S.Ct. 1937, 1945 (1994). "The Double Jeopardy Clause ... appl[ies] to civil proceedings if the civil penalty '[is] so extreme and so divorced from the Government's actual damages and expenses as to constitute punishment.' " United States v. Gartner, 93 F.3d 633, 634 (9th Cir.1996) (quoting United States v. Halper, 490 U.S. 435, 442 (1989)) (additional quotation omitted).
 
 
 5
 Here, Wilson signed a consent judgment in the FTC action which required him to pay $17,000 to a consumer redress fund. In the event that Wilson failed to make scheduled payments into the consumer redress fund, the consent judgment allows the FTC to "apply to the Court for modification of this consent judgment to include a monetary judgment ... for Two Million Eight Hundred Thousand and no/100 Dollars ($2,800,000.00) (which represents the estimated consumer injury to GASM and POP franchisees )." Wilson has defaulted on his payments and thus the government is now entitled to move for modification of the judgment under the consent judgment.
 
 
 6
 Because $2,800,000 represents the estimated amount of proceeds fraudulently obtained by Wilson, the judgment is not " 'so extreme and so divorced from the Government's actual damages and expenses as to constitute punishment.' " See Gartner, 93 F.3d at 634.
 
 
 7
 Accordingly, the district court's denial is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Wilson's motion to file the excerpts of record is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the dismissal of the petition under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal