106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Nicholis D'UVA, aka: Jack Nicholes D'Uva, Defendant-Appellant.
 No. 96-50026.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jack Nicholes D'Uva appeals his guilty plea conviction and sentence for four counts of securities fraud (15 U.S.C. §§ 78j(b) & 78FF and 17 C.F.R. § 240.10b-5) and two counts of money laundering (18 U.S.C. § 1956(a)(1)(A)(i)). D'Uva contends that the district court erred by: (1) setting a trial date, accepting his guilty plea, and sentencing him during the pendency of his interlocutory appeal without first making a finding that the appeal was frivolous; (2) denying his motion to dismiss the indictment as violative of the Double Jeopardy Clause; and (3) by ordering restitution for losses caused by conduct beyond the offenses of conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Interlocutory Appeal
 
 3
 D'Uva contends that his guilty plea conviction must be set aside because the district court lacked jurisdiction to continue the proceedings once he filed his interlocutory appeal. We disagree.
 
 
 4
 "Ordinarily, if a defendant's interlocutory claim is considered immediately appealable ... the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." United States v. LaMere, 951 F.2d 1106, 1108 (9th Cir.1991) (per curiam). "This divestiture of jurisdiction rule is not based upon statutory provisions or the rules of civil or criminal procedure. Instead, it is a judge made rule originally devised in the context of civil appeals to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." Id. Accordingly, "it has been suggested that the rule should not be employed to defeat its purpose or to induce needless paper shuffling." Id. To that end, this court has held that appeal from the denial of a frivolous motion "does not divest the district court of jurisdiction to proceed with trial." Id.
 
 
 5
 Here, D'Uva appealed interlocutorily the district court's partial denial of his motion to dismiss the indictment. He contended that the criminal charges constituted double jeopardy because he had previously been punished for these offenses in a prior civil enforcement action by the Securities and Exchange Commission ("SEC"). On appeal, this court affirmed the district court's order because the district court had already dismissed the seven counts involving the same conduct addressed in the SEC action. The remaining nineteen counts involved conduct and offenses for which D'Uva was not penalized in the SEC civil action. See United States v. D'Uva, 95-50167, unpublished memorandum disposition (9th Cir. Jun. 27, 1996). This court has since held that a civil SEC enforcement proceeding does not form the basis of a double jeopardy claim. See United States v. Gartner, 93 F.3d 633, 635 (9th Cir.); cert. denied, 117 S.Ct. 624 (1996). Under these circumstances, it was not error for the trial court to continue the proceedings despite its failure to find D'Uva's appeal frivolous. See Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987) (we may affirm the district court on any basis supported by the record); see also United States v. Claiborne, 727 F.2d 842, 850 (9th Cir.1984) (because defendant's "right not to be tried claim" lacked merit, trial court's continuation of pre-trial hearings was harmless).
 
 II. Double Jeopardy Claim
 
 6
 D'Uva contends that because his SEC action was a prior prosecution, his criminal action violated the Double Jeopardy Clause and should have been dismissed. As noted above, besides the fact that we expressly rejected this claim in D'Uva's interlocutory appeal, we have since held that an SEC enforcement action does not form the basis of a double jeopardy claim. See Gartner, 93 F.3d at 635. Accordingly, we affirm the district court's denial of relief on this claim.
 
 III. Restitution
 
 7
 D'Uva contends that the district court erred by imposing restitution for conduct beyond the scope of the offenses of conviction. This contention lacks merit because D'Uva's plea agreement expressly states that the restitution order is not restricted to the amounts alleged in the counts to which he pled guilty. See United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992) (per curiam) (Victim Witness and Protection Act allows restitution beyond the offense of conviction where the defendant agrees to such in a plea agreement).[1] Moreover, D'Uva was convicted of offenses that involved a scheme or pattern of criminal activity. See United States v. Reed, 80 F.3d 1419, 1423 (9th Cir.) (Under 1990 amendments to VWPA, when defendant is convicted of crime that includes a scheme, court may order restitution for losses resulting from any conduct that was part of the scheme), cert. denied, 117 S.Ct. 211 (1996).
 
 
 8
 To the extent that D'Uva contends the district court erred in calculating the restitution amount, we find no abuse of discretion. See Soderling, 970 F.2d at 534. The amended presentence report contained a total loss figure that was based on the amounts invested reduced by the amounts returned to the investors. The sentencing judge then further reduced the restitution amount by three-fourths based on the defendants' inability to pay the full amount. See Soderling, 970 F.2d at 534 n. 11. D'Uva has failed to identify any error in the district court's calculation.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 D'Uva also contends that his restitution order violates the ex post facto clause because several crimes occurred prior to the effective date of the 1990 VWPA amendments. The contention lacks merit because we have already determined that these amendment merely clarified the meaning of the VWPA; they neither added to nor altered the substantive meaning of the VWPA. See Soderling, 970 F.2d at 533 n. 8