**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jack P. KALLIN, Defendant–Appellant.**

**No. 95–10560.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 7, 1996.*

Decided March 3, 1997.

Michelle R. Hamilton, Carpenter & Hamilton, Phoenix, Arizona, for defendant-appellant.

Stephen G. Winerip, Assistant United States Attorney, Phoenix, Arizona, for plaintiff-appellee.

Before: HUG, C.J., REAVLEY ** and LEAVY, Circuit Judges.

---

* This case is appropriate for submission on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34–4.

## OPINION

LEAVY, Circuit Judge:

In this case we must determine whether the imposition of a civil penalty against a defendant who had been convicted and sentenced on criminal charges constitutes punishment for purposes of the Fifth Amendment's Double Jeopardy Clause so as to preclude that defendant's being retried on any of those same criminal charges following the reversal of his conviction on appeal. We conclude that there was no double jeopardy and therefore affirm the district court's denial of the defendant's motion to dismiss the charges against him.

## FACTS AND PRIOR PROCEEDINGS

On March 31, 1993, a federal grand jury handed down a first superseding indictment charging Jack P. Kallin with eight counts of federal income tax evasion (five for personal income tax years 1982–86, three for corporate income tax years 1985–87) and one count of subscribing to a false corporate tax return (tax year 1987). On October 4, 1993, a jury found Kallin guilty on four of the evasion counts and the one count of false subscription, and acquitted him on the remaining four counts. On December 20, 1993, the district court sentenced Kallin to three years in prison, five years of probation, and ordered him to pay some $408,800 in restitution. Kallin timely appealed.

On April 12, 1994, the IRS imposed a jeopardy assessment of $2.8 million in interest, penalties, and unpaid taxes against Kallin for tax years 1982–86. Kallin filed a written protest but, following a hearing on the matter, the IRS upheld the assessment in full. Although advised of his right to challenge the decision in federal court, Kallin elected not to pursue the matter any further.

On June 6, 1995, we reversed Kallin's conviction and remanded. *United States v. Kallin,* 50 F.3d 689 (9th Cir.1995) (as amended). On August 17, 1995, Kallin filed a motion with the district court, asking it to dismiss

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

the remaining criminal charges against him on the ground of double jeopardy. Kallin argued in support of his motion that the IRS's assessments for tax years 1985 and 1986 [1] constituted a form of punishment because they were excessive and thereby precluded the government from retrying him. As part of his motion, Kallin also requested an accounting of the IRS's figures. The district court denied Kallin's motion on December 4, 1995, and Kallin has timely appealed.

## ANALYSIS

### Standard of Review

A district court's decision to deny a motion to dismiss on the ground of double jeopardy involves a question of law subject to *de novo* review. *United States v. Gartner,* 93 F.3d 633, 634 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 624, 136 L.Ed.2d 547 (1996). All such rulings are immediately appealable as final decisions for the purposes of 28 U.S.C. § 1291. *Abney v. United States,* 431 U.S. 651, 662, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977).

### Discussion

The Double Jeopardy clause of the Fifth Amendment states that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V. This prohibition against successive punishments for the same offense has been held to "apply to civil penalties if they are 'so extreme and so divorced from the Government's damages and expenses as to constitute punishment.'" *Gartner,* 93 F.3d at 634 (quoting *United States v. Ursery,* —— U.S. ——, ——, 116 S.Ct. 2135, 2143, 135 L.Ed.2d 549 (1996)) (in turn quoting *United States v. Halper,* 490 U.S. 435, 442, 109 S.Ct. 1892, 1898–99, 104 L.Ed.2d 487 (1989)).

It has long been recognized that additions to tax are remedial in nature and do not constitute punishment for the purposes of double jeopardy analysis. *Helvering v. Mitchell,* 303 U.S. 391, 399–405, 58 S.Ct. 630, 633–36, 82 L.Ed. 917 (1938). While conceding that his argument runs counter to the holding of *Mitchell,* Kallin contends that three recent Supreme Court decisions—*Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); and *United States v. Halper, supra*— have called into question *Mitchell*'s continuing viability.

We note that at least one court has explicitly rejected this argument, *see United States v. Alt,* 83 F.3d 779, 781–83 (6th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 117 S.Ct. 188, 136 L.Ed.2d 126 (1996), and we have implicitly rejected it. *Grimes v. C.I.R.,* 82 F.3d 286, 289–90 (9th Cir.1996) (noting that both *Kurth Ranch* and *Halper* "cite with approval" *Mitchell* ). Moreover, Kallin's argument appears to ignore the framework established by the Supreme Court in *Ursery* "for determining when double jeopardy concerns arise." *United States v. Borjesson,* 92 F.3d 954, 955 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 622, 136 L.Ed.2d 545 (1996).[2]

Nevertheless, we need not decide whether the district court erred by concluding that the IRS's assessment was remedial rather than punitive. Instead, we need only determine whether or not the jeopardy which attached at the time of Kallin's first trial continued through to his retrial.

Prior to submitting this case for decision, we directed the parties to file simultaneous briefs on the following issue:

---

1. The jeopardy assessments for tax years 1985 and 1986 total approximately $1 million. Both sides agree that the portion of the assessment representing tax years 1982 through 1984 need not be considered because Kallin was acquitted of the counts relating to those years and faces no further criminal prosecution therefor. Kallin argues, however, that the $1.8 million assessment for those years may be relevant if we find that an accounting is necessary in order to determine whether the penalties imposed bear a rational

relation to the expenses incurred by the government.

2. Briefly put, that framework involves asking and answering two questions: (1) Was the government sanction intended to be remedial rather than punitive in nature; and (2) does the sanction serve important nonpunitive goals? *Borjesson,* 92 F.3d at 955–56.

Whether the jeopardy, which attached when the jury was empaneled and sworn in the first trial, *United States v. Kearns*, 61 F.3d 1422, 1428 (9th Cir.1995), continues through retrial following reversal of the conviction on direct appeal? *See Green v. United States*, 355 U.S. 184, 189 [78 S.Ct. 221, 224, 2 L.Ed.2d 199] (1957); *see also Lockhart v. Nelson*, 488 U.S. 33, 38 [109 S.Ct. 285, 288–89, 102 L.Ed.2d 265] (1988).

We begin by noting that, while jeopardy attaches in a criminal trial as soon as the jury has been empaneled and sworn, *Kearns*, 61 F.3d at 1428, retrial of a defendant whose conviction is set aside on appeal does not ordinarily run afoul of the Double Jeopardy Clause. *Lockhart*, 488 U.S. at 39, 109 S.Ct. at 290. Double jeopardy will, however, preclude retrial in certain circumstances: *E.g.*, when the reversal was due to insufficient evidence, *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978), or when a jury fails to convict on the principal charge and the conviction on a lesser included offense is set aside. *Green*, 355 U.S. at 190, 78 S.Ct. at 225. Retrial is also prohibited when the government's misconduct was intended to goad the defendant into moving for a mistrial. *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–90, 72 L.Ed.2d 416 (1982).

None of the three exceptions noted applies to the instant appeal, and we conclude that the trial following remand is simply a continuation of the prosecution. Accordingly, we hold that the original criminal jeopardy would precede any jeopardy from the forfeiture proceeding. *Cf. Kearns*, 61 F.3d at 1428.

Because we find no merit to Kallin's arguments, the decision appealed from is

AFFIRMED.[3]

---

3. In light of our holding, we need not reach the merits of Kallin's argument that the IRS failed to show that the amounts assessed fairly represented its reasonable collection costs.