**SECURITIES AND EXCHANGE COMMISSION, Plaintiff— Appellee,**

v.

**The ROSE FUND LLC; et al., Defendants,**

and

**Paul Nelson, Defendant—Appellant.**

No. 04–17321.

D.C. No. CV–03–04593–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**4**

Before WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Paul Nelson appeals pro se the district court's order and final judgment: (1) granting summary judgment in favor of the Securities and Exchange Commission ("SEC") in the SEC's action alleging fraud in the offer and sale of unregistered securities, (2) issuing a permanent injunction enjoining Nelson from committing future violations of the federal securities laws, (3) requiring Nelson to disgorge $93,987.22, and (4) imposing a $10,000 civil penalty. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ We reject Nelson's contention that the district court abused its discretion by striking his declaration filed in opposition to the SEC's summary judgment motion. "[A] district court has discretion in its response to a party's invocation of the Fifth." *SEC v. Colello*, 139 F.3d 674, 677 (9th Cir.1998) (citing with approval *SEC v. Benson*, 657 F.Supp. 1122, 1129 (S.D.N.Y. 1987), where the court barred the defendant who had invoked his Fifth Amendment right from introducing evidence precluding summary judgment against him).

■ Reviewing de novo, we reject Nelson's contention that he was entitled to a jury trial on the issue of disgorgement. *See SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir.1993) ("[A] defendant is not entitled to a jury trial where the Commission sues for disgorgement of illicit profits."). In addition, the District Court did not abuse its discretion in ordering Nelson to disgorge monies that he claims were used to pay business expenses. *See SEC v. Clark*, 915 F.2d 439, 453 (9th Cir.1990). The amount of the disgorgement represented " 'a reasonable approximation of the profits causally connected to the violation,' " and the purpose to which those monies was put is irrelevant. *See SEC v. First Pacific Bancorp*, 142 F.3d 1186, 1192 n. 6 (9th Cir. 1998). Nelson's claim that the disgorgement order constitutes cruel and unusual punishment fails because disgorgement is not "punishment" within the meaning of the Eighth Amendment. *See U.S. v. Gartner*, 93 F.3d 633, 635 (9th Cir.1996).

---

We reject Nelson's claim that the district court's pre-trial order freezing his assets prevented him from hiring a lawyer and therefore made a fair trial impossible. Although Nelson initially joined one of his co-defendants in a motion to modify that order, he later withdrew his request for modification and did not renew it.

█ Nelson's contention that the district judge was impermissibly biased against him fails because he never filed a motion to recuse pursuant to 28 U.S.C. § 144. *See U.S. v. Castro,* 887 F.2d 988, 1000 (9th Cir.1989). Even if the bias issue were properly before this Court, none of the reasons cited by Nelson, whether considered individually or collectively, supports a finding of bias. *See Liteky v. U.S.,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."). Nelson's assertions that the SEC's attorneys engaged in misconduct, used forged documents to prosecute him, and presented a false accounting to the district court also find no support in the record.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.