**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREG MOORE; PATRICIA MOORE, | No. 22-16236 |
| Plaintiffs-Appellees, | D.C. No. 4:19-cv-00290-RM-LAB |
| and | |
| SOUTHWEST NONPROFIT HOUSING CORPORATION; et al., | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| SEAN GARNAND, Detective; DAIN SALISBURY, Sergeant, | |
| Defendants-Appellants, | |
| and | |
| REBECCA LOPEZ, Detective; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted July 12, 2023
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: S.R. THOMAS, BENNETT, and H.A. THOMAS, Circuit Judges.

Greg and Patricia Moore (collectively, "Plaintiffs"), husband and wife, filed this 42 U.S.C. § 1983 action against several officers of the Tucson Police Department. Officers Sean Garnand and Dain Salisbury (collectively, "Defendants") are the only remaining defendants. Plaintiffs' complaint alleged various Fourth Amendment violations arising from two search warrants obtained in connection with Defendants' investigation of two arsons that occurred at properties connected to Mr. Moore.[1] Defendants appeal from the district court's order denying without prejudice their motion for summary judgment based on qualified immunity.

We have jurisdiction to consider the denial of qualified immunity if the denial "turns on an issue of law." *Giebel v. Sylvester*, 244 F.3d 1182, 1186 (9th Cir. 2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). A denial turns on an issue of law when the defendant argues that "assuming the facts as alleged by [plaintiff] to be true, his conduct did not violate [plaintiff's constitutional] rights, and that even if it did, he was entitled to qualified immunity." *Id.* (footnote omitted). That the district court's denial left the qualified immunity question open

---

[1] In this disposition, we address only the Fourth Amendment claims. In a concurrently filed opinion, we address Plaintiffs' First Amendment retaliation claims.

2

for reconsideration does not bar our review of purely legal qualified immunity questions. *See Ganwich v. Knapp*, 319 F.3d 1115, 1119 (9th Cir. 2003). We apply these principles below.

## I. Claims Based on the First Search Warrant

Plaintiffs brought these Fourth Amendment claims arising from the search warrant dated June 8, 2017 ("First Search Warrant"): (1) Defendants obtained the First Search Warrant through judicial deception; (2) even absent judicial deception, the First Search Warrant lacked probable cause; (3) Defendants seized and arrested Mr. Moore without probable cause because the First Search Warrant was invalid; and (4) Officer Garnand used excessive force in seizing and arresting Mr. Moore.

"The officers are entitled to qualified immunity unless: (1) the [plaintiffs] have 'made out a violation of a constitutional right,' and (2) 'the right at issue was "clearly established" at the time of the officers' alleged misconduct.'" *Chism v. Washington*, 661 F.3d 380, 386 (9th Cir. 2011) (alterations omitted) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). Defendants' arguments bear on only the first prong: whether there was a constitutional violation.

Defendants argue that there was no judicial deception in obtaining the First Search Warrant. But in making such argument they fail to take as true Plaintiffs' version of the facts. For example, according to Plaintiffs, Officer Garnand falsely stated in his telephonic affidavit that Mr. Moore left the scene "quickly" and

3

omitted other information undercutting the suspicion that Mr. Moore participated in the fire. By failing to take as true the alleged false statement and omissions, Defendants implicitly ask us to consider the correctness of Plaintiffs' version of the facts, which we cannot do. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 806–07 (9th Cir. 2003). Given Defendants' failure to present the facts in the light most favorable to Plaintiffs, we lack jurisdiction and dismiss Defendants' claim of qualified immunity as to the judicial deception claim. *See Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).[2]

Because the outcome of the judicial deception claim affects the remaining Fourth Amendment claims based on the First Search Warrant, we decline to address and remand the remaining Fourth Amendment claims based on the First Search Warrant.

---

[2] During oral argument, Defendants' counsel argued that we could consider the judicial deception claim because, even if Defendants made the alleged false statements or omissions, Defendants still had probable cause for the First Search Warrant and so the judicial deception claim fails. Oral Arg. at 2:46–4:05; *see Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083–84 (9th Cir. 2011) (explaining that materiality is an element of a judicial deception claim and is proved by showing that probable cause is lacking even after the affidavit is corrected and supplemented). But Defendants forfeited this argument by failing to raise it in their briefs. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018). Defendants' probable cause arguments as to the First Search Warrant did not correct and supplement the affidavit by accepting as true the alleged false statements and omissions.

## II.    Claims Based on the Second Search Warrant

Plaintiffs brought these Fourth Amendment claims arising from the search warrant dated June 14, 2017 ("Second Search Warrant"): (1) Defendants obtained the Second Search Warrant through judicial deception; (2) even absent judicial deception, the Second Search Warrant lacked probable cause; (3) even if the Second Search Warrant were valid, Defendants executed it unreasonably by seizing items outside the warrant's scope; and (4) Officer Garnand's detention of Mrs. Moore during the search of the Moores' home violated her Fourth Amendment rights.

Again, as to qualified immunity, Defendants' arguments bear on only whether Plaintiffs have made out a constitutional violation. *See Chism*, 661 F.3d at 386. But unlike their arguments as to the judicial deception claim based on the First Search Warrant, their arguments related to the claims based on the Second Search Warrant take Plaintiffs' facts to be true. Thus, we have jurisdiction to consider the purely legal question whether, assuming Plaintiffs' facts to be true, Defendants violated Plaintiffs' Fourth Amendment rights. *See Giebel*, 244 F.3d at 1186.

We start with the claim that the Second Search Warrant lacked probable cause on its face, as our resolution of that claim affects the remaining claims based on the Second Search Warrant. "In determining whether an affidavit establishes

5

probable cause for the issuance of a search warrant, the court limits its review to the data contained within the four corners of the affidavit." *Ewing v. City of Stockton*, 588 F.3d 1218, 1225 n.8 (9th Cir. 2009). "Search warrants must be specific in both particularity and breadth." *United States v. Brobst*, 558 F.3d 982, 993 (9th Cir. 2009). "Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based." *Id.* (quotation mark omitted) (quoting *United States v. Towne*, 997 F.2d 537, 544 (9th Cir. 1993)). "[P]robable cause must exist to seize all the items of a particular type described in the warrant." *Id.*

The Second Search Warrant authorized, among other things, without any limitation as to time, the seizure of a vast array of "[f]inancial information"[3] related to Mr. Moore and "associated businesses" that constitute evidence of a crime[4] and all electronics that constitute evidence of a crime, which were located at

---

[3] The Second Search Warrant defined "financial information" as "[i]ncluding but not limited to: Credit card documents, savings accounts, checking accounts, business accounts related to Eric Gregory Moore (aka Gregory Moore) and associated businesses, including but not limited to bills, cash and charge receipts, loan documents, titles, statements, mail or other written communication."

[4] After listing the items that could be seized, the warrant had this paragraph: "WHICH CONSIST OF ANY ITEM OR CONSTITUTES ANY EVIDENCE THAT TENDS TO SHOW THAT A PARTICULAR PUBLIC OFFENSE HAS BEEN COMMITTED, OR TENDS TO SHOW THAT A PARTICULAR PERSON HAS COMMITTED THE PUBLIC OFFENSE, ACCORDING TO ARS SECTION 13-3912." As relevant here, Ariz. Rev. Stat. § 13-3912(4) provides that a search warrant may be issued "[w]hen property or things to be seized consist of

Mr. Moore's office and the Moores' home and inside any of Mr. Moore's vehicles located at or near these places. But Officer Garnand's affidavit failed to establish probable cause to believe that *all* these items were connected to criminal activity. The affidavit also failed to explain why evidence of a crime would fairly be found on any electronics. Indeed, the affidavit did not even mention the use of electronics in connection with any crimes.[5] We have found similar warrants

---

any item or constitute any evidence which tends to show that a particular public offense has been committed, or tends to show that a particular person has committed the public offense."

Defendants never argued below or on appeal that this provision in the warrant limited law enforcement's ability to seize the warrant's lists of items to be seized. Nor did they argue that they did anything other than seize everything they could find that was on those lists. But even if the general citation to Ariz. Rev. Stat. § 13-3912 imposed some type of limitation, we have held that such "limitation" is insufficient. *See United States v. Cardwell*, 680 F.2d 75, 78 (9th Cir. 1982) ("'[L]imiting' the search to only records that are evidence of the violation of a certain statute is generally not enough.").

[5] Even if we were to overlook this flaw in the affidavit, the warrant allowed a search of a vast list of electronic devices and data:

> Electronics: *Including but not limited to*: Computers, cell phones, laptops, tablets, handheld devices, thumb drives, hard drives, CD's, DVD's or any device or item used to transmit, receive, or store electronic data, including data that is stored in remote locations such as an "application", "the cloud" or in a similar manner. I would like to request permission for any item or data to be analyzed or processed by applicable law enforcement or prosecutorial entities.

(emphasis added).

The supporting affidavit did not even attempt to justify such a broad search. Apparently law enforcement's view was that they could completely search all

unconstitutionally overbroad. *See, e.g.*, *United States v. Kow*, 58 F.3d 423, 427 (9th Cir. 1995); *United States v. Hill*, 459 F.3d 966, 976 (9th Cir. 2006); *United States v. Cardwell*, 680 F.2d 75, 77 (9th Cir. 1982). Thus, the Second Search Warrant was unconstitutionally overbroad.[6]

But that does not end our inquiry because "[o]fficers lose their shield of qualified immunity 'only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable.'" *Johnson v. Walton*, 558 F.3d 1106, 1111 (9th Cir. 2009) (quoting *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986)). The Second Search Warrant is like the warrant in *Kow*, which "listed entire categories of documents to be seized, encompassing essentially all documents on the premises." 58 F.3d at 428. As in *Kow*, we conclude that the

---

seized "electronics," without limitation. But "[w]e do not approve of issuing warrants authorizing blanket removal of all computer storage media for later examination when there is no affidavit giving a reasonable explanation." *United States v. Hill*, 459 F.3d 966, 976 (9th Cir. 2006).

[6] We reject Defendants' argument that Plaintiffs did not make an overbreadth claim as to the Second Search Warrant. The complaint fairly raised an overbreadth challenge by alleging that the warrant was invalid because there was a lack of probable cause to seize the items. Additionally, the record supports that Plaintiffs sufficiently raised an overbreadth challenge. Defendants' initial motion for summary judgment argued that they had probable cause to seize all the items. The declaration submitted by Plaintiffs in support of their request for Federal Rule of Civil Procedure 56(d) relief stated that the Second Search Warrant was overbroad as to the documents related to Mr. Moore and electronics. In opposing the declaration, Defendants made no argument that Plaintiffs had failed to make an overbreadth claim. And during Mr. Moore's deposition, Defendants' counsel acknowledged that Plaintiffs had alleged the warrants were overbroad in scope.

Second Search Warrant was so facially invalid that no reasonable officer could have relied on it. *See id.* at 428–29. We therefore affirm the district court's denial of qualified immunity on Plaintiffs' claim that the Second Search Warrant lacked probable cause.

Given our determination that at least portions of the Second Search Warrant were invalid for lack of probable cause, we decline to address the remaining Fourth Amendment claims, all of which depend on the validity of the Second Search Warrant. Thus, we remand the remaining Fourth Amendment claims based on the Second Search Warrant.

**DISMISSED IN PART; AFFIRMED IN PART; AND REMANDED.**[7]

---

[7] The parties shall bear their own costs on appeal.